No. 526

CLEVELAND STRUCT. STEEL CO. v.
BOROWIAK
No. 18997. Supreme Court.
On motion to certify. Dock. March 6, 1925.
3 Abs. 162.

855. NUISANCE—Is noise produced by riveting machine, in a mixed factory and residence district, when arising from the inherent nature of the business, such as to be declared a nuisance?

John Borowiak brought the original action in the Cuyahoga Common Pleas against the Cleveland Structural Steel Co. setting up in his petition that the Company used machinery in its shop the result of which was noise. The

first cause of action was for damages to his general health, the second cause of action requests an injunction to compel the Company to do its riveting by pneumatic hammers in the end of the shop farthest from Borowiak's place of residence, and the third cause of action asks for damages for the injury to the value of his property.

The Company denied that any noise produced by it was excessive or unnecessary and alleged that the district in which the shop was located was a mixed factory and residence district. A jury returned a verdict in favor of Borowiak, but it was set aside by the Court on a motion for a new trial. At the second trial the court granted a motion for a directed verdict in favor of the Company, and error was prosecuted by Borowiak. The Court of Appeals reversed the Common Pleas judgment on the ground that the evidence should have been submitted to the jury.

The company brings the case to the Supreme Court on motion to certify. It is claimed that the testimony of Borowiak's witnesses was conflicting as to the amount of noise produced, some testifying it was annoying and others that it was not noticeable. Testimony also showed that the railroad and other shops also made noises.

From the issues joined the questions presented appear to be:

1. Can a business which is lawful in itself, and necessary to the growth of a city and industry, be found to be a nuisance because annoyance which necessarily results from its nature, at times annoys Borowiak more continuously than other members of the community?

2. Can a person engaged in such a business be found to have committed a nuisance by reason of engaging in such lawful business in a mixed factory and residence district, when it appears that no more noise is caused than is absolutely necessary by reason of the nature of the business?

**Attorneys**—Krueger & Pelton, for Company; E. W. Dissette and Frank A. Green, for Borowiak; all of Cleveland.